NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TANISHA LITTLE, <br><br> Plaintiff, <br><br> v. <br><br> TOWNSHIP OF IRVINGTON, et al. <br><br> Defendants. | Civil Action No. 22-6078 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court are three motions to dismiss plaintiff Tanisha Little's ("Plaintiff") Amended Complaint (ECF No. 53, "FAC"), filed by defendants Township of Irvington, Tracy Bowers, Maurice Gattison, Joseph Santiago, Musa Malik, Kenneth Price, Harold Wallace, Jeanette Molina, Stewart Townsend, Barry Zepeda, Lorraine Beecher, Stephanie Kelly, Annie Gonzales, and Ramiro Rodriguez (ECF No. 55, "Township Defendants"), defendant Deputy Chief Francis Piwowarczyk (ECF No. 57), and defendant Sergeant Richard Santiago (ECF No. 58), pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed Defendants' motions (ECF No. 62, "Opp."), and Defendants replied in support (ECF Nos. 65, 66, 67). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motions are **GRANTED**.

I.  **BACKGROUND**

Plaintiff's claims mainly involve alleged retaliation in response to Plaintiff (1) filing a sexual harassment and discrimination lawsuit against the Township and several members of the

Irvington Police Department (the "Department"), and (2) filing a criminal complaint against a fellow policer officer, Jeanette Molina, who allegedly assaulted Plaintiff at work. FAC at 11.[1]

On July 21, 2020, Plaintiff filed a lawsuit against the Township and several members of the Department alleging discrimination, sexual harassment, and a hostile work environment. *Id.* at 39–40. The details of that lawsuit are not included in the FAC. Plaintiff describes various incidents of alleged retaliation for filing this lawsuit. For example, Plaintiff was assigned to the Metro Foot Patrol Team in high crime areas, which she believes subjected her to an increased risk of harm. *Id.* at 8. Plaintiff submitted a complaint to the Department alleging violations of the Health Insurance Portability and Accountability Act ("HIPAA"), but the Department found the allegations "not sustained." *Id.* at 9. And Plaintiff was served with various minor disciplinary charges. *Id.*

On March 4, 2021, Plaintiff alleges that Officer Molina struck and pushed Plaintiff's left arm as she was exiting the Communications Call Center in the Department headquarters. *Id.* at 11. An ambulance transported her to Concentra Medical Facility for treatment of a contusion on her left arm. *Id.* at 40. Plaintiff submitted administrative reports documenting the incident. *Id.* Molina also submitted a report, in which she allegedly admitted to "pushing" Plaintiff, but accused Plaintiff of instigating the incident. *Id.*

The Internal Affairs division of the Department investigated the incident, but did not issue any disciplinary charges against Molina or Plaintiff related to the physical altercation. *Id.* at 41–42. On July 21, 2021, Plaintiff filed a criminal complaint against Molina in Irvington Municipal Court. *Id.* at 42–43. On July 28, 2021, the Director of Police, Tracy Bowers, ordered Plaintiff's

---

[1] The paragraph numeration in the Amended Complaint is inconsistent, and so this Opinion cites to page numbers in lieu of paragraph numbers.

immediate suspension, charging her with "caus[ing] a criminal complaint to be filed . . . using false or incorrect information." *Id.* at 43–44. Plaintiff objected to the charges and requested a *Loudermill* hearing.[2] *Id.* at 45.

The *Loudermill* hearing was scheduled for August 10, 2021, and was subsequently rescheduled to August 24, and then August 31. *Id.* at 45–46. At the August 31 hearing, Plaintiff moved to recuse the hearing officer, Joseph Santiago. *Id.* at 47. Santiago granted Plaintiff's motion and recused himself. *Id.* As a result, the hearing was rescheduled to September 2. *Id.* The new hearing officer, Noelle van Baaren, presided over the hearing. *Id.* On October 4, 2021, the hearing officer ordered that Plaintiff shall remain suspended until the outcome of a parallel disciplinary hearing scheduled on October 12, 2021, and that Plaintiff be awarded backpay from July 21 through September 2. *Id.* at 47, 49. The Deputy Chief Assistant Prosecutor ("DCAP") ordered a stay on the Plaintiff's disciplinary matters because the criminal complaint against Molina "remained pending." *Id.* at 49–50. As a result, the October 12 hearing was canceled. *Id.*

On October 20, 2021, the municipal prosecutor moved to dismiss Plaintiff's criminal complaint because "he could not prove the charge beyond a reasonable doubt." *Id.* at 50. The municipal court granted the motion. *Id.* On November 8, 2021, Plaintiff filed a motion for reconsideration, arguing that the prosecutor abused his discretion. *Id.* at 51. The DCAP informed Plaintiff that the stay will continue until the reconsideration motion is resolved. *Id.* On November 22, 2021, Plaintiff learned that the municipal court had no record of her reconsideration motion. *Id.* at 61. It is unclear from the FAC exactly how Plaintiff's disciplinary actions were resolved, but Plaintiff contends that she was found "not guilty" of most of the charges in November 2022.

---

[2] A *Loudermill* hearing is a process afforded to certain public employees who face suspension or termination of their employment. *See Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 545–46 (1985); *Gilbert v. Homar*, 520 U.S. 924, 929–36 (1997).

3

*Id.* at 23. Following this disposition, Plaintiff was allegedly assigned to "punishment shifts," including a walking shift in unsafe weather conditions and a shift with a longer walking route. *Id.* at 19–21.

Plaintiff alleges a violation of the New Jersey Law Against Discrimination ("NJLAD") against all defendants (Count One); violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988 for violations of the First, Fourth, Fifth, Seventh, and Fourteenth Amendments of the United States Constitution (Counts Two, Four, Ten, and Twelve); malicious prosecution and a violation of N.J.S.A. 2A:47A-1 (Counts Three, Eleven, Fourteen, Nineteen, and Twenty-Two); violations of various provisions of New Jersey civil rights law, including N.J.S.A. § 10:6-2 (Counts Four, Five, Nine, Ten, Twelve, Thirteen, and Seventeen), N.J.S.A. § 10:5-12 (Counts Five, Nine, and Thirteen), N.J.S.A. §§ 10:5-4, 10:1-2 (Counts Nine and Fifteen); misuse and abuse of process (Counts Six, Eight, and Twenty-One); a violation of HIPAA (Count Seven); false light and unlawful retaliation (Count Fourteen); violations of the New Jersey Constitution (Count Sixteen); breach of implied covenant of good faith and fair dealing (Count Eighteen); and reckless/intentional infliction of severe emotional distress (Count Twenty).[3]

## II.  LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In evaluating the sufficiency of a complaint, a court must "draw all reasonable inferences in favor of

---

[3] The FAC contains references to the "ADA," unaccompanied by supporting facts. *See, e.g.*, FAC at 26. It is unclear whether Plaintiff intends to assert a claim under the Americans with Disabilities Act ("ADA"), but in any event, the FAC does not provide the Court with sufficient information to determine whether Plaintiff states an ADA claim.

the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of 'further factual enhancement,'" will not withstand dismissal. *Iqbal*, 556 U.S. at 678 (citations and brackets omitted).

### III.  DISCUSSION

As an initial matter, Defendants' argument that the Eleventh Amendment of the U.S. Constitution affords them sovereign immunity is misplaced. Eleventh Amendment immunity does not extend to counties or their officers. *Febres v. Camden Bd. of Educ.*, 445 F.3d 227, 229 (3d Cir. 2006) ("The Supreme Court has long held that counties, municipalities and political subdivisions of a state are not protected by the Eleventh Amendment."); *see also Hartley v. Pocono Mountain Reg'l Police Dep't*, 417 F. App'x 153, 154 (3d Cir. 2011) (permitting § 1983 employment retaliation action to proceed against police officers). Nevertheless, for the reasons set forth below, Plaintiff fails to state a claim for violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and HIPAA. Because the Court dismisses the claims over which it has original federal question jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state law claims (Counts One, Three, Five, Six, Eight, Nine, Eleven, and Thirteen through Twenty-Two).

#### A.   §§ 1981, 1985, and 1986

§§ 1981 and 1985 claims share a common element: race or class-based animus. The Amended Complaint lacks allegations that race or class motivated any of the Defendants' actions, and so these claims are dismissed.

Section 1981 protects the right to make and enforce contracts free from racial discrimination. 42 U.S.C. § 1981(a); *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987). To state a Section 1981 claim, a plaintiff must plausibly allege (1) that she is a member of a racial

minority; (2) that the defendant intended to discriminate based on race; and (3) that the discrimination concerned an activity enumerated in the statute, namely making and enforcing contracts. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

Section 1985 prohibits conspiracies to deprive plaintiffs of lawfully guaranteed rights or privileges motivated by a racial or class-based animus. 42 U.S.C. § 1985(3). A plaintiff must "allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006).

Plaintiff has not pleaded facts amounting to intentional discrimination based on race or class. Instead, Plaintiff asserts, at length, that the allegedly retaliatory acts were in response to the criminal complaint filed by Plaintiff against Officer Molina. FAC at 7–13, 17. For example, Plaintiff alleges that she was suspended because she filed a criminal complaint against another officer, *id.* at 17, that Defendants gave her "punishment shifts" after she filed the complaint, *id.* at 20–21, and that Defendants have a "custom, pattern and policy . . . to retaliate against those who complain, or object to actions of defendants' agents," *id.* at 31. Plaintiff states herself that "the incident at the heart" of the alleged retaliation "was a March 4, 2021, physical altercation between Little and Molina" of which Plaintiff complained internally and in municipal court. *Id.* at 35, 37.

Plaintiff alleges that Defendants' "actions took from the Plaintiff, a Brown skinned African American the rights enjoyed by white persons" and names "non-African American" employees who "received the unequal benefits to Plaintiff's detriment." *Id.* at 28, 71–72. Plaintiff also states that "pardon was granted to male counterparts within the same unit but not to the Plaintiff, the female." *Id.* at 15. It is unclear what Plaintiff intends to convey here, but in any event, these allegations do not assert that Defendants retaliated against Plaintiff because of her race or sex, as

6

is required to state a claim under §§ 1981, 1985, and the Equal Protection Clause. *See Subh v. Sec. Guard, Inc.*, No. 23-1462, 2023 WL 8447889, at *5 (D.N.J. Dec. 6, 2023) (holding that "generalized and bare allegations" of disparate treatment are "insufficient to support a theory" of discriminatory intent); *Jewish Home of E. Pa. v. Ctrs. For Medicare & Medicaid Servs.*, 469 F. App'x 99, 103 (3d Cir. 2012) ("[M]ere unequal treatment or adverse effect" is not enough in the absence of "intentional or purposeful discriminatory purpose.").

Plaintiff's § 1986 claims must also be dismissed. Claims brought under § 1986 must be premised upon a valid § 1985 claim. *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). Therefore, Plaintiff's claims based on §§ 1981, 1985, and 1986 are dismissed.

**B.      §§ 1983 and 1988**

Plaintiff brings claims under § 1983 for various violations of her constitutional rights, including "free speech, property, [substantive and procedural] due process, equal protection, jury trial,[4] [and] right to privacy." FAC at 7, 27, 31, 33. Section 1983 provides a cause of action for violations of Constitutional or federal rights. *See Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a claim under § 1983, two criteria must be met: (1) the conduct complained of must have been committed by a person acting under color of state law and (2) the conduct must deprive the plaintiff of rights secured under the Constitution or federal law. *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 n.6 (3d Cir. 2019).

---

[4] Plaintiff lists "jury trial" among the constitutional rights allegedly violated by Defendants. FAC at 31, 75. However, the FAC contains no allegations related to the right to a jury trial, nor can the Court construe any, and so any claims alleging a violation of Plaintiff's right to a jury trial are dismissed.

7

### 1. First Amendment

Plaintiff asserts a First Amendment retaliation claim under § 1983.  A retaliation claim asserting a violation of the right to free speech requires Plaintiff to show that "(1) [s]he engaged in constitutionally protected conduct, (2) the defendant engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising [her] constitutional rights, and (3) a causal link existed between the constitutionally protected conduct and the retaliatory action." *Williams v. City of Allentown*, 804 F. App'x 164, 167 (3d Cir. 2020).

A public employee's speech is protected by the First Amendment when she speaks as a citizen about a matter of "public concern."  *Slater v. Susquehanna Cnty.*, 465 F. App'x 132, 136 (3d Cir. 2012) (citing *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 386 (2011)).  Speech involves a matter of public concern "if it can be fairly considered as relating to any matter of political, social or other concern to the community." *Fender v. Delaware Div. of Revenue*, 628 F. App'x 95, 97 (3d Cir. 2015).  "[M]ere allegations of retaliation arising out of the circumstances of the plaintiff's individual employment dispute is not sufficient to meet the public concern test." *Russo v. New Jersey*, No. 17-2762, 2018 WL 555248, at *4 (D.N.J. Jan. 25, 2018).

Here, Plaintiff alleges that Defendants retaliated against her for filing a lawsuit and criminal complaint regarding her physical altercation with Jeanette Molina. *Id.* at 54–55. The lawsuit, altercation, and subsequent criminal complaint are personal in nature.  Plaintiff does not allege facts relating to any public matter that would entitle her to constitutional protection. Because Plaintiff did not engage in activity protected by the First Amendment, the Court "need not address the other aspects of the First Amendment retaliation inquiry." *Burne v. Siderowicz*, 445 F. App'x 529, 533 (3d Cir. 2011).  Therefore, Plaintiff's First Amendment claims are dismissed.

### 2. Procedural Due Process

Plaintiff asserts violations of the procedural Due Process Clause. To determine whether Plaintiff has been deprived of procedural due process, the Court "must first ask whether the asserted individual interests are encompassed within the [F]ourteenth [A]mendment's protection of 'life, liberty, or property.'" *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). If so, the Court "then must decide what procedures constitute due process of law." *Id*.

Here, Plaintiff's asserted interests are covered by the Fourteenth Amendment. "State law creates the property rights protected by the Fourteenth Amendment," and in New Jersey, police officers have a property interest in their employment because they may only be suspended or terminated "for just cause." *Kelly v. Borough of Sayreville*, 107 F.3d 1073, 1077 (3d Cir. 1997) (quoting N.J.S.A. § 40A:14–147). In the context of employment, termination or suspension may be sufficient deprivation to require procedural due process. *Id*. Here, Plaintiff asserts that she is a police officer in New Jersey and that she was suspended without pay. FAC at 2, 7–8, 17, 71. Therefore, Plaintiff has a property right in her employment, and she was entitled to procedural due process for her suspension. *See Kelly*, 107 F.3d at 1077.

However, Plaintiff fails to allege that she was deprived of procedural due process. Plaintiff appears to have two theories of deprivation of procedural due process: (1) the date of her *Loudermill* hearing was delayed, and (2) the hearing was not held by an independent decisionmaker. For the reasons below, both theories fail.

The Due Process Clause requires notice and the opportunity for a hearing prior to the deprivation of a property interest. *See Boddie v. Connecticut*, 401 U.S. 371, 379 (1971); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 (1985). The hearing must be "at a meaningful time." *Loudermill*, 470 U.S. at 547 ("At some point, a delay in the post-termination hearing would become a constitutional violation."). However, the delay must be unjustified, and allegations of a

delay without an attempt to explain the cause of delay are insufficient to state a constitutional claim. *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005) ("[T]he mere allegation of a . . . delay without supplementary allegations concerning the cause of the delay does not state a constitutional claim.").

Plaintiff does not allege that the delay was unjustified, and in any event, the Third Circuit has made clear that procedural delays far exceeding the delay here pass constitutional scrutiny. On July 28, 2021, Plaintiff was served with a Preliminary Notice of Disciplinary action informing her of various infractions and her immediate suspension. FAC at 43. Plaintiff asserts that she and "the Township subsequently agreed to hold the Loudermill hearing on August 10, 2021." *Id.* at 45. Plaintiff then states that the Department "unilaterally re-scheduled the Loudermill hearing twice, first to August 24 and then to August 31, 2021." *Id.* at 46. On August 31, 2021, Plaintiff moved to recuse the hearing officer, which was granted, and so the hearing was rescheduled again to September 2, 2021. *Id.* The hearing was held on September 2, 2021, thirty-six days after the effective date of her suspension. *Id.* at 47. Thirty-six days falls well within the reasonable limits of procedural due process. *See S. Allegheny Pittsburgh Rest. Enters., LLC v. City of Pittsburgh*, 806 F. App'x 134, 142 (3d Cir. 2020) (holding that a delay of 125 days for a post-deprivation hearing plus another 237 days for a decision did not violate procedural due process); *Ritter v. Cohen*, 797 F.2d 119, 124 (3d Cir. 1986) ("[T]he mere allegation of a projected twenty-month delay by an agency, although hardly to be encouraged as a matter of administrative practice, does not state a constitutional violation."); *E. Ohio Cap., LLC v. City of Pittsburgh Zoning Bd. of Adjustment*, No. 23-681, 2024 WL 640056, at *4 (W.D. Pa. Feb. 15, 2024) (finding a procedural delay of twenty-one months to pass constitutional scrutiny).

Plaintiff's second theory—that the hearing was not held by an independent decision maker—is likewise flawed.  Plaintiff states that Director Tracy Bowers personally investigated the altercation between Plaintiff and Molina, and ordered her immediate suspension based on "his own personal review of the evidence."  FAC at 61, 64.  Plaintiff contends that Bowers' participation in the investigation posed an unfair conflict, because Bowers was a defendant in the ongoing sexual harassment and discrimination lawsuit filed by Plaintiff.  *Id.* at 64–65.  However, the Due Process Clause requires impartiality for "those who function in judicial or quasi-judicial capacities," not for those who conduct the initial investigation.  *Abdulrahman v. Ashcroft*, 330 F.3d 587, 596 (3d Cir. 2003).  Here, the decision maker who functioned in a judicial capacity was Noelle van Baaran, the hearing officer at Plaintiff's *Loudermill* hearing.  FAC at 47.  Plaintiff does not allege that Noelle van Baaran lacked independence as a decisionmaker.  Plaintiff's allegations regarding bias are focused on Bowers, who had no decision-making role at the hearing.  *See id.* at 39, 46.  Therefore, Plaintiff's second theory fails, and Plaintiff's claims based on procedural due process are dismissed.

### 3. Substantive Due Process

Plaintiff also appears to assert that her suspension and the disclosure of her confidential medical information violated the substantive Due Process Clause.[5]  To state a claim for a violation of substantive due process, Plaintiff must allege that "the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest

---

[5] Plaintiff also alleges that Defendants violated HIPAA by disclosing her medical information. However, HIPAA does not provide an express or implied private right of action.  *In re U.S. Vision Data Breach Litig.*, No. 22-6558, 2025 WL 615366, at *9 (D.N.J. Feb. 26, 2025).  Therefore, Plaintiff's claims based on HIPAA are dismissed.

11

shocks the conscience." *Lear v. Zanic*, 524 F. App'x 797, 801–02 (3d Cir. 2013) (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)).

Plaintiff's substantive due process claim based on her suspension fails because "public employment is not a fundamental right entitled to substantive due process protection." *Hill v. Borough of Kutztown*, 455 F.3d 225, 235 (3d Cir. 2006); *see also Lape v. Pennsylvania*, 157 F. App'x 491, 500 (3d Cir. 2005) ("The property interest [the plaintiff] had in her public employment is not an interest that is protected by the Substantive Due Process Clause.").

Plaintiff's substantive due process claim based on the alleged disclosure of her medical condition fails because Plaintiff does not allege how the disclosure "shocks the conscious." Medical records are constitutionally protected "under the confidentiality branch of the federal privacy right" covered by the Due Process Clause. *Scheetz v. The Morning Call, Inc.*, 946 F.2d 202, 206 (3d Cir. 1991). Plaintiff alleges that Defendants published her "private confidential medical history information." FAC at 34. She asserts that in October 2020, she applied for a position at the Edison Police Department, but was not hired "as a result of Irvington Police Department relaying to Edison PD detectives" that "Plaintiff was a diabetic and could not work on the 'road.'" *Id.*

Plaintiff does not allege the violation of her rights was arbitrary or "conscious shocking." *Betz v. Satteson*, 715 F. App'x 213, 216 (3d Cir. 2017). Only "the most egregious official conduct' will meet this standard. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004). Simply alleging bad faith or improper purpose is insufficient to meet the "conscious shocking" standard. *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 399–400 (3d Cir. 2003). Based on the Third Circuit's guideposts, Plaintiff has not pleaded sufficient facts for the Court to

12

find Defendants' alleged conduct to be arbitrary or conscious shocking. Therefore, Plaintiff's claims based on substantive due process are dismissed.

### 4. Equal Protection

Plaintiff alleges that Defendants' conduct violated the Equal Protection Clause. The Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. To state an Equal Protection claim, "a plaintiff must allege facts showing the existence of purposeful discrimination." *Fernandes v. City of Jersey City*, No. 16-7789, 2017 WL 2799698, at *5 (D.N.J. June 27, 2017) (citing *Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 196 (3d Cir. 2009)).

As discussed above with respect to Plaintiff's §§ 1981 and 1985 claims, Plaintiff has not pleaded facts amounting to intentional discrimination based on race or class. Instead, Plaintiff asserts that the allegedly retaliatory acts were in response to the criminal complaint filed by Plaintiff, and tacks on "generalized and bare allegations" of discrimination. FAC at 7–13, 15, 17, 28, 71–72; *see Subh v. Sec. Guard, Inc.*, No. 23-1462, 2023 WL 8447889, at *5 (D.N.J. Dec. 6, 2023). Therefore, Plaintiff's claims based on violations of the Equal Protection clause are dismissed.

### 5. § 1988

§ 1988 does not, by itself, provide for a private cause of action; "it authorizes a plaintiff prevailing under §§ 1981, 1982, 1983, 1985, or 1986 to recover attorney and expert fees." *Maddox v. City of Newark*, 50 F. Supp. 3d 606, 633 (D.N.J. 2014). Plaintiff does not have any viable claims for which § 1988 can provide relief, and so Plaintiff's § 1988 claims are dismissed.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed without prejudice.

**Accordingly, IT IS**, on this 26th day of March, 2025,

**ORDERED** that Defendants' motions to dismiss (ECF Nos. 55, 57, 58) are granted, and Plaintiff's Amended Complaint (ECF No. 53) is dismissed without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Order to submit a second amended complaint that addresses the deficiencies identified in this Order.  Insofar as Plaintiff submits a further amended complaint, she shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added.  *See* L. Civ. R. 15(a)(2).

**ORDERED** that the Clerk of the Court is directed to mark this case as **CLOSED**.


**SO ORDERED.**

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**
