**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TANISHA LITTLE, | : **Civil Action No. 2:22-cv-06078-CCC-AME** |
| Plaintiff, | : |
| v. | : **ORDER and** |
| | **REPORT AND RECOMMENDATION** |
| TOWNSHIP OF IRVINGTON, | : |
| Defendants. | : |

**THIS MATTER** having come before the Court on Plaintiff's September 5, 2025 motion to amend her complaint pursuant to Federal Rule of Civil Procedure 15 [D.E. 95-1]; and

**WHEREAS** this action commenced on October 13, 2022 [*see* D.E. 1], and is related to Civil Action No. 20-14766 [*see* D.E. 1, 10], which was removed to this Court on October 21, 2020 [*see* Civ. No. 20-14766, D.E. 1]; and

**WHEREAS**, because the Court writes for the parties, this Order does not recite the tortuous procedural history or the facts of this action, beyond noting that Plaintiff is an Irvington police officer who has alleged retaliation, sexual harassment, and discrimination claims against the township and various police officials; and

**WHEREAS** Plaintiff now seeks leave to file a Third Amended Complaint that eliminates the federal claims she previously pled and all claims asserted against certain defendants.[1] [D.E. 95-1]. It is clear from her motion that Plaintiff seeks to extinguish any basis for federal

---

[1] Plaintiff asserts that the Court should remand this matter to state court if her motion to amend is granted. However, this action, while related to an action removed from state court, Civil Action No. 20-14766, was originally filed by Plaintiff in federal court pursuant to 28 U.S.C. § 1331. *See generally* D.E. 1 (omitting any mention of a jurisdictional basis, but asserting federal claims, state, and common law claims).

jurisdiction over this action.[2] *See* D.E. 95; and

**WHEREAS** Defendants oppose the motion [D.E. 99, 100, 101] arguing that the proposed amendments could have and should have been brought by way of the Second Amended Complaint Plaintiff filed on May 28, 2025 [D.E. 87]. Defendants argue that Plaintiff unduly delayed bringing this request to amend such that granting the motion would prejudice them. Defendants further argue that Plaintiff's motion to amend is brought after the deadline this Court set for the filing of such motions, requiring her to also overcome the good cause showing required under Federal Rule of Civil Procedure 16; and

**WHEREAS** Rule 15(a)(2) requires that leave to amend be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, when a party brings a motion to amend the complaint after the court-ordered deadline, she must first demonstrate that there is "good cause" to modify the Court's scheduling order and that she has acted with reasonable diligence despite the failure to comply with the order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due diligence."). If a plaintiff demonstrates good cause, the court then proceeds to apply the standard applicable to motions to amend, pursuant to Rule 15(a); and

**WHEREAS** notwithstanding the liberal standard under Rule 15, courts retain discretion to deny leave for various equitable reasons including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

---

[2] Generally, an amended pleading supersedes the original and renders that original pleading a nullity, so "the most recently filed amended complaint becomes the operative pleading." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). When "a plaintiff amends her complaint ... a federal court's jurisdiction depends on what the new complaint says." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025).

[and/or] futility of amendment….” *Foman* 371 U.S. at182; and

**WHEREAS**, here, the attorney representing Plaintiff at the time the Second Amended Complaint was filed, on May 28, 2025, was elderly and ill. Later, his colleague entered an appearance on Plaintiff's behalf and took control of the litigation. *See* D.E. 85 (“we are asking for an accommodation because of the circumstances as they have developed with this 84 year old lawyer under attack by something called ‘Neuropathy’ which has resulted in my being relegated to a walker to ambulate with little ability to feel, carry and touch, inter alia. I have been relying upon my nurse – lawyer PORTILLA to assist me in trials as I am also hard of hearing and thusly rely upon her to advise me of what people are saying.”). The Court finds that the foregoing circumstance constitute sufficient good cause to relax the deadline for filing a motion to amend and proceed to the merits under Rule 15. [*see* D.E. 19]; and

**WHEREAS** having carefully considered all parties' arguments, and applying the liberal standard under Rule 15, the Court discerns no undue delay or unfair prejudice in granting Plaintiff's motion to file the proposed Third Amended Complaint, as attached to Plaintiff's motion at Exhibit A [D.E. 95-3]; and for the foregoing reasons; and for good cause shown,

**IT IS** on this 4th day of March 2026,

**ORDERED** that Plaintiff's motion for leave to amend the complaint pursuant to Rule 15(a) [D.E. 95] is hereby **GRANTED**; and it is further

**ORDERED** that within three days from the date of this Order, Plaintiff shall file the Third Amended Complaint [D.E. 95-3]; and it is further

**ORDERED** that the pending motions to dismiss the Second Amended Complaint [D.E. 96, 97, and 98] are terminated as moot; and it is further

**ORDERED** that, in view of the foregoing, this Court issues the following Report and Recommendation:

Here, once the Third Amended Complaint is filed, only Plaintiff's claims under state statutory and common law will remain. "[O]nce all federal claims have been dropped from a case, the case simply does not belong in federal court." *New Rock Asset Partners, L.P. v. Preferred Entity Advancements*, 101 F.3d 1492, 1504 (3d Cir. 1996); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that once federal claims are dismissed, a federal court should "hesitate to exercise jurisdiction over state claims," unless circumstances justify this exercise.). In this Court's view, the continuing exercise of supplemental jurisdiction over Plaintiff's state law claims would not be appropriate. Accordingly, this Court respectfully recommends that, in its discretion, the District Court decline to exercise such jurisdiction, *see* 28 U.S.C. § 1367(c)(3), and dismiss this action without prejudice to refiling in state court. *See* 28 U.S.C. § 1367(d) ("The period of limitations . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), the parties may file and serve objections to this Report and Recommendation within fourteen days of the filing of this Order and Report and Recommendation.

The Clerk of Court is directed to activate this Report and Recommendation for the District Court's Review.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA, U.S.M.J.

4